## Balliet v. Balliet

*Joseph G. Seesholtz,* for libellant.
*Joseph B. J. Duffy, Sr.,* for respondent.

PAUL, J., November 8; 1943.—The allegations in the libel as originally filed were as follows:

"1. Indignities.

"2. Cruel and barbarous treatment."

Libellant now files a petition to amend the libel as follows:

"3. That your petitioner desires to amend the said libel as filed, by inserting in addition to the allegations therein set forth, as an additional cause, the charge of bigamy, and for this purpose by adding to the said libel, in paragraph 12, as follows:

" 'And the libellant avers that the respondent was lawfully joined in marriage with Albert Remaly on the 11th day of April, 1892, at Lehighton, Carbon County, Pa., and from that time for about six months thereafter, lived and cohabited with the said Albert Remaly,

who is yet alive, and has never been divorced from the bonds of matrimony entered into with the said Albert Remaly, but now is the true wife of the said Albert Remaly. That the said respondent, in violation of the laws of this Commonwealth and of her said marriage vow made to the said Albert Remaly, her true and lawful husband, knowingly entered into a subsequent marriage with your libellant on the said 17th day of November, 1905, as now particularly set forth above.' "

Respondent filed an answer in which she stated that even if libellant could prove the above allegation it would not be a ground for divorce but for annulment of marriage.

Libellant relies on the following:

"1. When a marriage has been heretofore or shall hereafter be contracted and celebrated between two persons, it shall be lawful for the innocent and injured spouse to obtain a divorce from the bond of matrimony, whenever it shall be judged, in the manner hereinafter provided, that the other spouse: . . .

"(b) Has knowingly entered into a second marriage, in violation of the previous vows he or she made to the former spouse whose marriage is still subsisting": Act of May 2, 1929, P. L. 1237, sec. 10, par. 1 (b).

This provision would not apply to libellant but would apply to Albert Remaly, the man to whom it is charged respondent was married prior to the alleged marriage with libellant. A summary of the above section would be that an innocent and injured spouse may obtain a divorce where the other spouse has entered into a second marriage. In other words, it would be possible for Albert Remaly to obtain a divorce because respondent has knowingly entered into a second marriage. This is reasonable because it is supposed that a valid marriage was entered into by Albert Remaly and respondent, and Albert Remaly was the spouse who was injured by the action of his wife entering into a

second marriage. His petition, therefore, would be to secure a divorce from a valid marriage.

In this case, however, Albert Remaly is not applying for a divorce but the libel was filed by the man who entered into the second marriage with respondent. Therefore, section 12 of the Act of 1929 applies. It is as follows:

"Section 12. Annulment of Bigamous Marriages.— In all cases where a supposed or alleged marriage shall have been contracted, which is absolutely void by reason of one of the parties thereto having a spouse living at the time the supposed or alleged marriage, may, upon the application of either party, be declared null and void, in accord with the principles and forms hereinafter prescribed for cases of divorce from the bond of matrimony."

The petition by William O. Balliet would, therefore, be to secure an annulment of his marriage on the ground that it was not a legal marriage but was void. The prayer of his petition, therefore, must not be for a decree to divorce him and respondent because, since it is alleged that respondent was already married to a man still living, the second alleged marriage was void and, therefore, there can be no divorce. The prayer of his petition must be to annul the second alleged marriage because it was absolutely void by reason of respondent having a spouse living at the time of the supposed or alleged marriage with libellant.

William O. Balliet in this case originally filed a libel in divorce in which he prayed the court to enter a decree in divorce and if he were successful in his contentions the court would have entered a decree in divorce. Now he asks to amend the libel by adding a charge of bigamy on the ground that respondent married Albert Remaly, who is still living and from whom she has not secured a divorce. Insofar as this charge is concerned, the prayer cannot be for a divorce and the decree must be for an annulment. The court cannot in the same

case grant a decree in divorce on the grounds of (1) indignities and (2) cruel and barbarous treatment on the theory that a valid marriage exists, and in the same case grant an annulment on the ground of bigamy on the theory that the alleged marriage was absolutely void.

And now, November 8, 1943, the petition to amend the libel is refused.